## Eckels *versus* Stewart.

1. Eckels made a contract to purchase land, paid $50, took possession and died without paying the balance of purchase-money, leaving a widow and children. One of them took out administration and having more of the estate than would pay the purchase-money, paid it, took a deed from the vendors "for himself and in trust for the heirs," &c. The widow and children made an arrangement that the administrator should hold the land as his own and pay the plaintiff, a minor, and others, their shares of the estate. *Held*, that plaintiff's remedy for her share was not in the Orphans' Court, the contract having been specifically executed by the deed from vendors.

2. The son who took the deed could be proceeded against as trustee for the heirs; he was not the representative of a deceased vendee.

3. The deed did not create a technical trust in the son, but a use which the statute executed, and the legal title passed to all the heirs of the vendee.

4. The plaintiff could use her legal title, to enforce the payment of the money due her under the arrangement, and should recover on filing a release of her right in the land.

Error to the Court of Common Pleas of *Westmoreland county*.

Ejectment for an undivided tenth part of a tract of land of 200 acres, by William Stewart and Deborah his wife, for the use of said Deborah, against John Eckels and James Eckels; the writ was issued August 1st 1861. The defendants pleaded "not guilty."

On the 12th of August 1834, Jehu Taylor and D. C. Morris, by articles, agreed to convey to John Eckels, Sr., the tract, of which plaintiffs claim the undivided tenth, for $2.75 per acre— $100 to be paid April 1st 1835, when possession and the deed were to be delivered; the balance secured by judgment and mortgage, payable in three annual instalments. John Eckels, Sr., paid $50, and took possession in April 1835. He made improvements, and died in about a year, leaving a widow and ten children, of whom the plaintiff Deborah and the defendants were three; Deborah being then a minor, born December 13th 1818.

About the 23d of May 1836, John took out administration of his father's estate, and the widow and children entered into an agreement that he was " to keep his mother, and was to give the unmarried girls as much as the others got, and was to pay all expenses and pay for the land, and it to be his own land; the $50 paid by the old man on the land to be appraised."

In 1836 seven of the heirs of John Eckels, Sr.—Deborah being one and a minor—executed to John Eckels, Jr., a release of " all the legacy and moneys we claim from the estate of our father, John Eckels, deceased, and therefore we do by these presents acquit, release and discharge the said John Eckels, Jr., of and from all legacy, dues, duties and demands whatsoever, which we may have claim, challenge or demand of or against the said John Eckels, Jr., his executors or administrators, of or out of the

estate of the said John Eckels, deceased, as aforesaid." The other heirs and the widow afterwards executed releases. Deborah was married in 1846.

On the 24th of May he filed an inventory including an item, "money paid on land, $50." His account was confirmed May 23d 1837, showing a balance of $591.85 due the estate. On the 30th of November in the same year, Taylor, one of the vendors, and the executor of Morris the other, for the consideration of $190, conveyed the tract to John, "for himself, and in trust for the heirs of John Eckels, deceased, * * * to have and to hold unto the said John Eckels, Jr., for himself and in trust to the use of the party of the second part, their heirs and assigns;" he having paid the vendors the balance of the purchase-money.

In 1851 John conveyed 42 acres of the land to his brother James, the other defendant. The amount agreed to be paid to Deborah not having been paid, she brought an action of ejectment in October 1855 for her interest in the land. The case when called for trial was settled—John agreeing to give Deborah a note for her interest, to be held by a third person until she should give him a conveyance of her interest. The note was an ordinary promissory note, which remaining unpaid, this suit was instituted to enforce its payment.

The defendants' points, which were denied, were, that John by the conveyance to him was in the shoes of the vendor for all the land, but that proportion represented by the $50 paid by his father—and he was a trustee for the other heirs only for that proportion; that the plaintiffs being in the position of a vendee seeking conveyance of the land, cannot recover but on the condition of paying the balance of purchase-money with interest; that the plaintiff's remedy, if any, is in the Orphans' Court; that she is barred by the Statute of Limitations; that she is estopped by her release and joining in the family arrangement; and that after the lapse of twenty-seven years from the settlement of the administration account, the payment of the balance to the heirs will be presumed.

The court (Buffington, P. J.) charged :—

" By the articles, John Eckels was the owner of the land in equity, and vendors' debtor.

" This right descended to his heirs, and they became the owners of land. John Eckels the administrator had $591 of money in his hands. With that sum he ought to have paid this debt—the purchase-money due on the land.

" The law will not permit a person acting as agent or trustee, and others in a fiduciary character, to speculate to his advantage on the trust property. Public policy forbids it, and it enures to the benefit of those for whom he acted.

" The deed of 1837 to John Eckels, in trust, &c., vested sub-

[Eckels *v.* Stewart.]

stantially the legal title to the land. Plaintiff continued with James till 1846, when she married. In 1855 she brought suit—that was settled, and if that settlement has not been rescinded it ought to prevail. If it was rescinded her right was remitted.

" The Statute of Limitations does not apply."

There was a verdict, February 25th 1864, for the plaintiffs, for an undivided tenth part of the land, to be released on payment of $195 with interest from date of verdict.

The denial of the defendants' points was assigned for error.

*H. P. Laird,* for plaintiffs in error, cited McFarson's Appeal, 1 Jones 503; Wilson *v.* Bigger, 7 W. & S. 111; Kane *v.* Bloodgood, 7 Johns. Ch. R. 110; Finney *v.* Cochran, 1 W. & S. 118; App *v.* Dreisbach, 2 Rawle 303; Fox *v.* Cash, 1 Jones 208; Hill on Trustees 264.

*H. D. Foster,* for defendants in error.

The opinion of the court was delivered, January 7th 1867, by

AGNEW, J.—The first objection to the plaintiff's recovery is, that the remedy should have been in the Orphans' Court, for specific performance of the contract between John Eckels, Sr., and Taylor and Morris, on the ground that John Eckels, Jr., stands in their shoes, and is liable to perform their contract to the heirs of his father. This is a misconception of the facts. That contract has been specifically performed. Taylor and the executors of Morris, then deceased, on receiving the price stipulated in the contract, executed the deed demanded by it to the heirs of their vendee, who being dead was represented by them. The contract was therefore fully performed, and even if the title conveyed under it vested in John Eckels, Jr., as trustee for the others, he was a living person competent to convey and liable to be proceeded against by them only as a trustee; and not the representative of a deceased vendee who could be brought into the Orphans' Court to be compelled to perform specifically an unexecuted contract. The deed is not spread out before us, but the extracts given import that it created not a technical trust in John Eckels, Jr., but a use which the statute executed; and the legal title, therefore, passed into all the heirs of the vendee.

It is on this legal title in Mrs. Stewart, as one of the heirs of old John Eckels, the ejectment is founded, she not having executed a release under the settlement made in the former ejectment; the use is subject to equity, however, to enforce the payment of the money agreed to be paid to her for its relinquishment. It was in the power of the court to compel her on the trial to file her release, and this can yet be done before payment of the sum found by the jury. This sum, as between the parties, is an encumbrance on

[Eckels v. Stewart.]

the title, the settlement of the former action having been made on the condition of executing a deed, and the note for the money deposited in the hands of a third person until this was done. If the plaintiff stood upon a mere equity the case might be different; but here the legal title being vested in Mrs. Stewart by the deed of Taylor and Morris's executors, the defendant's title depends on a mere equity. He must throw himself upon the effect of the family arrangement made in 1836, in order to raise an estoppel against her title. To meet this the plaintiff set up Mrs. Stewart's minority at the time of that arrangement, and the fact that John Eckels had in his hands, as administrator of his father, sufficient assets to pay off the purchase-money under the contract. The former action of ejectment having been brought before any presumption of payment of the balance in his hands as administrator could arise, and before the Statute of Limitations had run, and the parties in view of the facts as they then appeared, having decided to compromise their litigation, it is unnecessary to decide what would have been the effect of the family arrangement.

They settled upon terms agreed upon, and carried out by marking the settlement on the record, and depositing the note for the sum agreed upon as due to Mrs. Stewart in the hands of a third person until the deed should be made. The verdict in the present action having given the land to the defendant, he has nothing to complain of excepting that it compels him to pay the sum of money agreed to be paid on the settlement. The court left it to the jury to say, whether this settlement remained in full force and unrescinded, and they have so found. By the verdict he has the land, and why should he not pay the money he stipulated to pay to compromise litigation and obtain a full title? It is his own contract, and is evidenced by his note, and on its payment he will receive his deed. This he is entitled to receive, and can yet have by an order made for his protection. The whole case was therefore narrowed down to the right of Mrs. Stewart to use her legal title to enforce payment of the money due to her. This she can do, but upon such terms as will prevent injustice to the defendant. In this view of the case the defendant was not injured by the answers of the court to his points, and the judgment must be affirmed but with this further order, that the defendant have leave on return of the record into the court below and notice thereof, and within three months after said return and notice, to bring into court the sum of $195, with interest from February 25th 1864, and that the plaintiff have leave to take the same out of court only upon filing in the court a sufficient deed of release of the title of Mrs. Stewart to the land in controversy to John Eckels, Jr., his heirs and assigns, in fee simple.

Judgment affirmed accordingly.